*MICHAEL P. RUBIN & ASSOCIATES, INC.*
*Attorneys at Law*
Michael P. Rubin (SB #86732)
18321 Ventura Blvd., Suite 580
Tarzana, CA 91356
T: (818) 774-1100
F: (818) 235-5580
Em: rubinlawyer@gmail.com

Attorneys for Plaintiff Jack Moses

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK MOSES, an individual,<br><br>                Plaintiff,<br><br>      vs.<br><br>GABRIEL FEDIDA, FEI ENTERPRISES, INC., a California Corporation, WEST ADAM PROPERTY, LLC, a California limited liability company, and DOES 1 through 50,<br><br>                Defendant(s) | Case No.: 2:18-cv-2278<br><br>COMPLAINT FOR:<br>1. COPYRIGHT INFRINGEMENT; and,<br>2. CIVIL CONSPIRACY.<br><br>DEMAND FOR JURY TRIAL. |

PLAINTIFF JACK MOSES, an individual, alleges:

<u>I.  PARTIES.</u>

1.     Plaintiff Jack Moses ("Plaintiff") is, and at all relevant times was, an architect, duly licensed to practice as such in the State of California.  Plaintiff's principal place of business is the City of Los Angeles, California.  Plaintiff is in the business of providing, among other things, architectural, engineering, and planning services.

2.     Defendant Gabriel Fedida ("Fedida") is, and at all relevant times was, an individual resident of Los Angeles County, California.

3. Defendant West Adam Property, LLC ("West Adam") is, and at all relevant times was, a California limited liability company, with principal place of business at 5749 Venice Blvd., Los Angeles, California 90019. West Adam is the owner of that certain real property located at 5242 West Adams Blvd., Los Angeles, CA, with tax assessor's parcel number 5043-004-036 (hereafter "the subject property"). The legal description of the property is attached hereto as Exhibit 1. Plaintiff is informed and believed, and thereon alleges that Fedida has some ownership interest and some managerial authority of West Adam.

4. Defendant FEI Enterprises, Inc. ("FEI Enterprises") is, an at all relevant times was, a California corporation, and a contractor licensed as such in the State of California. Plaintiff is informed and believes, and thereon alleges, that Fedida has some ownership interest and some managerial authority with respect to FEI Enterprises.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by these defendants' conduct.

6. At all relevant times, each defendant, including those fictitiously names, was the agent, servant, employee, partner, joint venturor, or surety of the other defendants and was acting within the scope of said agency, employment, partnership, venture, or suretyship, with the knowledge and consent or ratification of each of the other defendants and doing the things alleged herein.

## II. STATEMENT OF JURISDICTION.

7. This action is brought under the Copyright Act of 1976, as amended, 17 USC §§101 et seq. This Court has jurisdiction pursuant to 28 USC §1338. Venue is proper in this judicial district pursuant to 28 USC §1391(b).

///

### III.  STATEMENT OF FACTS.

8. On or about June 26, 2008, Fedida, and an individual, and not on behalf of any other person or entity, and Plaintiff entered into a written agreement whereby Fedida, as an individual, retained the architectural services of Plaintiff to study, develop, and draft architectural plans for the construction of a three-story mixed-use building on the subject property. The subject property, along with the planned construction thereon shall be referred to herein jointly as "the construction project." A true and correct copy of the written agreement is attached hereto as Exhibit 2. In accordance with the agreement, Plaintiff performed architectural services, and prepared architectural plans for the development and construction of the project.

9. The agreement did not convey any ownership interest in the architectural plans to Fedida or any other person or entity. In accordance with the agreement, Fedida, as owner, was given a non-transferable, exclusive license to utilize said architectural plans for the construction project.

10 Plaintiff is informed and believes, and thereon alleges, that the entity known as "West Adam Property, LLC" was formed in the State of California on or about January 24, 2011.

11. On or about May 21, 2013, an entity known as the "5242 Adam Plan Trust" deeded the subject property to Defendant West Adam. Fedida did not inform Plaintiff of that conveyance, and Plaintiff was not aware of it. Plaintiff never granted any permission or authority to West Adam, or any person or entity other than Fedida to utilize the architectural plans for the project.

12. On or about December 9, 2013 said architectural plans were approved by the City Planning Department of the City of Los Angeles, California. The owner on the City of Los Angeles permit was listed as "Fedida" individually. The contractor was listed as FEI Enterprises. Plaintiff is informed and believes, and thereon alleges that, for reasons unknown to him, the commencement of the project was delayed for several years, and did not commence until in or about March 2016.

13.     On or about May 11, 2016, Fedida and Plaintiff entered into an addendum to the aforesaid agreement.  According to the addendum, Plaintiff was retained by Fedida, an individual, to observe construction work of the project, and "to check that the project is proceeding according to the content of the contract documents."  A true and correct copy of the addendum is attached hereto as Exhibit 3.

14.     In accordance with the addendum, Plaintiff performed services, but was not fully compensated for those services by Fedida.

15.     In or about June 2017, a dispute arose between Fedida and Plaintiff regarding compensation due to Plaintiff.  As a result of the dispute, Plaintiff checked the public records and learned that the owner of the subject property is West Adam, and the contractor for the project is FEI Enterprises.  Fedida is not, and was not, the owner of the subject property or the contractor for the project at the time construction work commenced based on Plaintiff's architectural plans.

16.     Any transfer by Fedida to West Adam and FEI Enterprises of any rights to use Plaintiff's architectural plans was not done with the knowledge or consent of Plaintiff, who at all times retained the copyright to all plans he prepared concerning the project.

17.     Within three months of Plaintiff's discovery of the copyright infringement by all named defendants, he registered his architectural plans for the project as registration number VAu 1-290-272.  A true and correct copy of the certificate of registration is attached hereto as Exhibit 4.

### IV.  FIRST CAUSE OF ACTION AGAINST ALL NAMED DEFENDANTS FOR COPYRIGHT INFRINGEMENT.

18.     Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 17 of this Complaint.

19.     Plaintiff is informed and believes, and thereon alleges that, Defendants commenced construction on the project on or about March 2016.  West Adam and FEI Enterprises did not pay Plaintiff for the use of the architectural plans.

20. The construction of the project was done exclusively based on the architectural plans Plaintiff prepared based on his written agreement with Fedida, individually.

21. Plaintiff has complied, in all respects, with the requirements of the copyright laws of the United States with respect to the architectural plans. Plaintiff is, and at all times mentioned herein, was the exclusive owner of all right, title, and interest in and to the copyrighted plans.

22. The copying and use of Plaintiff's architectural plans by Defendants constitutes infringement of Plaintiff's common-law and statutory copyrights, in violation of the Copyright Act.

23. Plaintiff is informed and believes, and thereon alleges, that FEI Enterprises and Fedida have received substantial monies utilizing Plaintiff's architectural plans in connection with the construction of the project.

24. Plaintiff is informed and believes, and thereon alleges, that West Adam has received substantial monetary benefits and enrichment due to the unauthorized use of Plaintiff's copyrighted plans.

25. As a result of the wrongful actions of Defendants, and each of them, as alleged above, Plaintiff seeks damages according to proof at trial.

V.  SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR CIVIL CONSPIRACY.

26. Plaintiff incorporates by reference all allegations contained in ¶¶1-25 of this Complaint.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants have jointly engaged in, and conspired to engage in, the unlawful use, transfer and reproductions of Plaintiff's architectural plans, thereby infringing upon Plaintiff's copyright, and causing Plaintiff damages and loss of compensation.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, have acted in concert and with common intend and purpose, for both personal and corporate gain, to cause the aforementioned damages to Plaintiff.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, have committed acts in furtherance of the conspiracy, and have continued to conspire with the aforementioned wrongful intent, purpose, and knowledge, and will continue to conspire hereafter unless enjoined and retrained by this Court.

30. Based upon the conspiracy between all Defendants as alleged herein, each and every Defendant bears individual liability for all of Plaintiff's damages.

## VI.  PRAYER FOR RELIEF.

WHEREFORE, Plaintiff prays that this Court issue judgment and any appropriate orders as follows:

1. For monetary damages under 17 USC 504, 505, and any other applicable law from Defendants, and each of them, for their infringement of Plaintiff's copyright;

2. For an accounting of all proceeds, revenue and profits of Defendants concerning any proceeds, revenue and profits they obtained through the wrongful use of Plaintiff's copyrighted material, and awarding all such profits to Plaintiff;

3. For attorneys fees and costs; and,

4. For such other and further relief, both legal and equitable, as the Court deems just and proper.

Dated:   March 20, 2018

Michael P. Rubin & Associates, Inc.
Attorneys for Plaintiff, Jack Moses

_____
By: Michael P. Rubin